UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH W., as Surviving Spouse of MICHAEL W., deceased,<br><br>Plaintiff,<br><br>v.<br><br>KILILO KIJAKAZI, Commissioner of the Social Security Administration,<br><br>Defendant. | No. 21-cv-3254<br><br>Magistrate Judge Susan E. Cox |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Judith W, as Surviving Spouse of Michael W.,[1] appeals the decision of the Commissioner of the Social Security Administration denying his application for disability benefits. The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment (Dkt. 14) is GRANTED and Defendant's motion for summary judgment (Dkt. 17) is DENIED. The case is remanded for further proceedings consistent with this opinion.

**I.   Background**

Plaintiff filed for disability insurance benefits on February 4, 2019, alleging a disability onset date of September 26, 2018. (Administrative Record ("R.") 24.) Plaintiff's application was denied initially and upon reconsideration. (*Id*.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 17, 2020. (*Id*.) On January 12, 2021, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Social Security Act. (R. 24-37.) On May 10, 2021, the Appeals Council denied Plaintiff's request for review (R. 1-6),

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s). For the remainder of this decision, the Court will use masculine pronouns to describe the Plaintiff and the term "Plaintiff" will refer to Michael W., as most of the discussion concerns Plaintiff Judith W.'s deceased husband and his medical history.

leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g); *see Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). On October 27, 2021, a Suggestion of Death and Motion for Substitution of Party was filed, stating that Plaintiff had died on September 2, 2021. (Dkt. 11.)

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920. At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 26, 2018, through his date last insured of March 31, 2020. (R. 26.) At Step Two, the ALJ found Plaintiff had the severe impairments of ischemic heart disease, degenerative disc disease of the cervical spine, left shoulder rotator cuff tear, chronic kidney disease with hypertension, thoracic degenerative disc disease, status post-lumbar fusion, and hearing loss. (R. 27.) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 28-29.) Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform work at the light exertional level with the following limitations: occasionally climb ladders, ropes, or scaffolds; frequently climb ramps or stairs; frequently balance; frequently kneel, crouch, or crawl; frequently perform overhead reaching with the left upper extremity; and restricted to an environment with a noise intensity level of three, as defined in the Dictionary of Occupational Titles. (R. 30-31.) At Step Four, the ALJ determined Plaintiff could perform his past relevant work as a door-to-door sales representative. (R. 36.) Because of these determinations, the ALJ found Plaintiff not disabled under the Social Security Act. (R. 28.)

**II.     Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). A court's scope of review in these cases is limited to deciding

whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

### III. Discussion

#### A. The ALJ Failed to Properly Analyze Plaintiff's Orthopedist's Opinions

For claims filed after March 27, 2017, the old "treating physician rule"[2] has been replaced by 20 C.F.R. § 404.1520c. Treating physicians' opinions are no longer entitled to presumptive controlling weight; the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Now, the Commissioner does not "articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your record;" instead, the ALJ "will articulate how [the ALJ] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in" the

---

2    20 C.F.R. § 404.1527.

3

regulation. 20 C.F.R. § 404.1520c(b)(1). Consistency and supportability "are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be," and, "[t]herefore we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ may consider the other factors (*e.g.*, the treating relationship or the provider's specialty), but is not required to do so. *Id.* Regarding the consistency factor, the regulation states "[t]he more consistent a medical opinion…is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion…will be." 20 C.F.R. § 404.1520c(c)(2).

Plaintiff has several orthopedic surgeries, including a lumbar fusion in 2014 and a cervical fusion in 2018; both surgeries were performed by Dr. Steven Mather, M.D. (Dkt. 14-1 at 5-6.) There are several records from Dr. Mather which the ALJ interpreted as medical opinions. The entirety of the ALJ's discussion is as follows:

> Dr. Steven Mather opined that the claimant is restricted from lifting more than 15 pounds and no overhead work. He also noted "Please allow one hour drive time and 24-hour work weeks." Interestingly, this same doctor had restricted the claimant to no driving more than 2 hours at a time and no lifting more than 35 pounds in July 2015. The undersigned finds this opinion unsupportable, inconsistent, and unpersuasive. There is no evidence of part-time employment being medically necessary and the record does not support that the claimant needed to be restricted to a twenty-four hour workweek. The undersigned finds that a limitation to light work accounts for the claimant's limitations that are supported by the evidence of record and that frequent overhead reaching with the left upper extremity accounts for the claimant's left shoulder impairment.
>
> More recently, on June 18, 2020, Dr. Mather opined that the claimant is unable to maintain full-time work standing six of eight hours, lift/carry 10 pounds around 5.5 hours a day, and lifting 20 pounds 2.5 to 3 hours per day. The undersigned finds this opinion unsupportable, inconsistent, and unpersuasive, nothing that the issue of disability is

4

> reserved to the Commissioner. Further, the opinion does not contain supporting evidence or citations to the record. These opinions are conclusory and Dr. Mather did not set forth the reason for these limitations. The undersigned notes that in April 2020, the claimant had a normal motor system examination with normal strength, a normal sensory examination, normal coordination, ad a normal gait.

(R. 34-35 (internal citations omitted).)

The ALJ did not adequately explain how she considered the supportability and consistency factors for Dr. Mather's opinions in her determination. Regarding the opening paragraph, the Court notes that the first opinion from Dr. Mather was written on December 10, 2018, only 11 days before Plaintiff had left rotator cuff surgery (as will be discussed more fully below). Given the proximity to his left shoulder surgery, these limitations (especially the restriction from overhead work) seem eminently supportable. While those restrictions may not have been permanent, the ALJ did not base her conclusions on the temporary nature of these limitations. Furthermore, the Court is perplexed why Dr. Mather's 2015 opinions would be relevant to his 2018 opinion, given the amount of time between the two opinions and the amount of medical issues Plaintiff faced during that time period.[3] The Court thinks it is perfectly reasonable for Plaintiff's limitation to change (and indeed grow) over the intervening three years, and does not believe that citing the 2015 opinion constitutes substantial evidence for a finding that the 2018 opinion was not consistent with the record.[4] In any subsequent opinion, the ALJ shall cite which evidence in the record the ALJ relied on to find that Dr. Mather's opinions were not supportable or consistent with the record.

The discussion of Dr. Mather's June 2020 opinion is slightly better, but should also be reconsidered on remand. The ALJ cited at least one record that demonstrated some normal findings, which may demonstrate that Dr. Mather's opinion is inconsistent with the record. However, the

---

[3] Plaintiff underwent a cervical fusion September 2018; moreover, shortly after the December 2018 opinion, Plaintiff had shoulder surgery, and then an angioplasty in March 2019. (R. 32-33.)

[4] The Court is not ruling that Dr. Mather's opinions are consistent with record, only that the ALJ must provide more robust record evidence to support any finding that the opinions are inconsistent with the record.

Court is left wanting to know more, and does not believe the ALJ successfully based her opinion on substantial evidence in this instance. For example, the Court is not certain how routine normal examinations correspond to the stamina issues highlighted by Dr. Mather. On remand, the ALJ should more clearly explain how the evidence cited contradicts Dr. Mather's finding and/or provide additional evidence in the record that shows that Dr. Mather's opinions are inconsistent with the record as a whole. The Court remands for a discussion of Dr. Mather's opinions that satisfy the regulatory requirements.

### B. The ALJ Failed to Support the RFC Limitations Related to Plaintiff's Left Shoulder

The ALJ failed to support her finding that Plaintiff could frequently reach overhead with his left upper extremity with substantial evidence. On December 21, 2018, Plaintiff underwent a left shoulder arthroscopy, labral debridement, biceps tenotomy, undersurface rotator cuff debridement, repair of delaminated rotator cuff repair, subacromial decompression with acromioplasty and open Mumford. (R. 1001.) Plaintiff then underwent approximately 22 sessions of physical therapy before being discharged on March 4, 2019. On discharge, Plaintiff had not regained all of his functioning. He reported he was still having trouble putting on coats and shirts (albeit less trouble than he had immediately post-operatively). (R. 1308.) He continued to report moderate difficulty with some basic activities such as washing his back and engaging in activities that "take some force or impact through your arm, shoulder or hand." (R. 1312.)

None of this was mentioned in the ALJ's decision. The discussion of Plaintiff's left shoulder problems was limited to noting that he "reported doing well" postoperatively, rated his pain as a three out of 10, and "described pangs of symptoms with awkward motions." (R. 32.) The ALJ used this evidence to support her finding that Plaintiff could perform frequent overhead reaching with his left upper extremity. (R. 34.) The Court does not believe this constitutes substantial evidence and finds that the ALJ engaged in improper "cherry-picking" by failing to discuss any of the evidence

regarding Plaintiff's ongoing problems with his left shoulder. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.") For example, the record describing pangs with awkward motions also states that Plaintiff at that time was unable to reach overhead into cabinets, dress independently, carry heavy objects, or comb his hair. (R. 1129.) To be certain, the Court is not ordering the ALJ to make an alternative finding, only to provide substantial evidence to support her finding and fairly consider all of the evidence in the record.

## IV. Conclusion

For the foregoing reasons, the Court must remand for proceedings consistent with this Memorandum Opinion and Order. The Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff other than those discussed herein. Plaintiff's motion for summary judgment (Dkt. 14) is GRANTED and Defendant's motion for summary judgment (Dkt. 17) is DENIED.

**ENTERED:** January 20, 2023

_____
Susan E. Cox,
United States Magistrate Judge